IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.B. BLACK, SPN #01214826, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-20-1604 |
| MICHAEL DE LA TORRE; PUTNAM | § | |
| LEASING COMPANY I, LLC; | § | |
| and STEVEN POSNER, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, J.B. Black, also known as James Bernard Black (SPN #01214826), is presently confined in the Harris County Jail as a pretrial detainee. While incarcerated Black filed a handwritten Complaint (Docket Entry No. 1), asserting claims against a leasing company and two corporate officers for breach of contract, false imprisonment, and violations of the Fair Debt Collection Practices Act (the "FDCPA") and the Fair Credit Reporting Act ("FCRA"). Black, who proceeds pro se and in forma pauperis ("IFP"), has also filed Plaintiff's More Definite Statement ("Plaintiff's MDS") (Docket Entry No. 9), which provides additional details about his claims.

Now pending before the court is Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") (Docket Entry No. 24), which was filed by Michael de la Torre, Steven Posner, and Putnam Leasing Company I, LLC ("Putnam

Leasing").[1] Black has not filed a response and his time to do so has expired. Instead, Black has filed a Motion for Leave to File Amended Complaint ("Motion for Leave to Amend") (Docket Entry No. 28), which includes a Proposed Amended Complaint (Docket Entry No. 28-1). Black has also filed Plaintiff's Motion to Compel Discovery (Docket Entry No. 32). After considering all of the pleadings and the applicable law, Black's motions will be denied and the Motion to Dismiss will be granted for the reasons explained below.

I. **Background**

In June of 2017 Black leased a "2015 Bentley Flying Spur" from the Houston Lamborghini North automobile dealership.[2] Putnam Leasing reportedly served as the "3rd Party Financier" for the transaction.[3] In February of 2018 Black traded in the Bentley and leased a "2015 Rolls Royce."[4] Putnam Leasing again served as the 3rd Party Financier for that transaction.[5]

---

[1]Because Black acknowledges that he misspelled the defendants' names in his Complaint, the court has corrected the spelling and refers to them by their correct names. See Motion to Dismiss, Docket Entry No. 24, p. 1; Motion for Leave to File Amended Complaint, Docket Entry No. 28, p. 1. All pagination in this Memorandum Opinion and Order references the page numbers imprinted by the court's electronic filing system, ECF.

[2]Complaint, Docket Entry No. 1, p. 2 ¶ 5; Plaintiff's MDS, Docket Entry No. 9, p. 4 Response 4a.

[3]Complaint, Docket Entry No. 1, p. 2 ¶ 6.

[4]Id.

[5]Id.

Black clarifies that the transaction was a "business lease" that he executed on behalf of a company that he owned named Black Lemon Media Inc. ("Black Lemon Media").[6] The terms of the lease called for monthly payments of $2,500 for a period of 48 months.[7]

It appears from the pleadings that Black fell behind on his monthly payments.[8] In July of 2019 Black received an e-mail from Michael de la Torre, who reportedly serves as "Director of Operations" for Putnam Leasing.[9] According to Black, de la Torre told him that "they" were terminating his "contract" because Black did not maintain a bank account from which Putnam Leasing could automatically "debit" the monthly payments.[10] Black explains that he "refused to maintain a personal bank account on file as the contract was between Putnam and Black Lemon Media Inc. and not between [Black] and Putnam."[11]

Black contacted an employee of Houston Lamborghini North (Leesa Foster) and asked her to contact the owner of Putnam

---

[6]See Proposed Amended Complaint, Docket Entry No. 28-1, p. 2 ¶ 5; Plaintiff's MDS, Docket Entry No. 9, p. 10 Response 9 (describing himself as "owner" of "Black Lemon Media").

[7]Plaintiff's MDS, Docket Entry No. 9, p. 4 Response 4c.

[8]Proposed Amended Complaint, Docket Entry No. 28-1, p. 3 ¶ 8 (noting that Black was in "debt" to the defendants).

[9]Complaint, Docket Entry No. 1, p. 2 ¶ 7.

[10]Id.

[11]Proposed Amended Complaint, Docket Entry No. 28-1, p. 2 ¶ 7.

Leasing, Steven Posner.[12] Posner reportedly told Foster to tell Black to "wire $5,000.00 from [Black's] account," which Black did.[13] In August of 2019 Black wired "another $2,500" to Putnam Leasing "to get [his] account caught up in full."[14]

According to Black, de la Torre hired a private investigator in August of 2019 because he believed that Black was leasing the Rolls Royce to others.[15] The private investigator reportedly learned that Black was under investigation by the Harris County District Attorney's Office for making a "false statement to obtain credit."[16] Although Black wired another payment to Putnam Leasing in September of 2019, he claims that de la Torre contacted the Houston Police Department and reported the Rolls Royce stolen.[17]

On October 31, 2019, Black was arrested and admitted to the Harris County Jail (the "Jail"), on charges of making a false statement to obtain credit in connection with the leased Rolls Royce that was financed through Putnam Leasing.[18] Black was

---

[12]Complaint, Docket Entry No. 1, p. 3 ¶ 8; Plaintiff's MDS, Docket Entry No. 9, p. 6 Response 6 (identifying Leesa Foster as the "Finance Director" at Houston Lamborghini North).

[13]Complaint, Docket Entry No. 1, p. 3 ¶ 9.

[14]Id. ¶ 10.

[15]Id. ¶ 11.

[16]Id.

[17]Id. ¶ 12.

[18]Id. ¶ 13; Plaintiff's MDS, Docket Entry No. 9, p. 1 Response 2 and p. 2 Response 3b.

released shortly thereafter.[19] On January 9, 2020, a grand jury returned an indictment against him for making a false statement to obtain credit.[20] Those charges are pending against him in Cause No. 1651567 in the 174th District Court of Harris County, Texas.[21]

Black returned to custody of the Jail on January 30, 2020.[22] Black, who acknowledges that he was convicted of insurance fraud in a separate case on January 30, 2020, remains in custody and is awaiting trial in Cause No. 1651567.[23]

Black alleges that the defendants are liable for breach of contract for attempting to require him to maintain a bank account from which to withdraw payments because this was never a requirement of the lease.[24] Black alleges further that the defendants "willfully, intentionally, maliciously, and negligently" violated the FDCPA by filing a false stolen-vehicle report with the Houston Police Department, which resulted in the charges pending against him for making a false statement to obtain credit and his consequent arrest.[25] Black alleges that the same conduct violated

---

[19]Plaintiff's MDS, Docket Entry No. 9, p. 1 Response 2. Black indicates that he was released, evidently on bond, in "November 2019," but he does not provide an exact date. See id.

[20]Id. at 3 Response 3e.

[21]Id. at 2 Response 3c.

[22]Id. at 1 Response 1.

[23]Id. at 3 Response 3f and 11 Response 11.

[24]Id. at 7 Response 7.

[25]Id. at 8-10 Response 8.

the FCRA when the defendants notified "parties other than the Borrower, the Borrower's Spouse, or Relatives of the Borrower concerning terms of the lease agreement."[26] Black seeks compensatory damages, statutory damages, and punitive damages from the defendants for his "false incarceration, emotional distress, and mental anguish."[27] Black's claims are examined below under the applicable standard of review.

## II. Standard of Review

### A. The Prison Litigation Reform Act

Because Black is an inmate who proceeds in forma pauperis, the court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the action is (1) "frivolous or malicious," (2) "fails to state a claim on which relief may be granted" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Id. (internal quotation marks and citations omitted).

---

[26]Id. at 9-10 Response 8.

[27]Complaint, Docket Entry No. 1, p. 4.

## B. Motions to Dismiss Under Rule 12(b)(6)

As noted above, the defendants have moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. To withstand a motion to dismiss under Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. In reviewing a motion under Rule 12(b)(6), a court must "'accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff.'" Bustos v. Martini Club, Inc., 599 F.3d 458, 461 (5th Cir. 2010) (citation omitted). However, a reviewing court need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007) (citation and internal quotation marks omitted). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

Black represents himself in this action. A pro se litigant's pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per

curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)). Nevertheless, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level[.]" Twombly, 127 S. Ct. at 1965. If the plaintiff's complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974.

### III. Discussion

A. **Breach of Contract**

Black alleges that the defendants are liable for breach of contract because they asked him to "keep a bank account on file for automatic debit" of his monthly payments under the lease agreement.[28] "In Texas, the elements of a claim for breach of contract are: (1) a valid contract between the plaintiff and the defendant, (2) performance or tender of performance by the plaintiff, (3) breach by the defendant, and (4) damage to the plaintiff as a result of the breach." Garofolo v. Ocwen Loan Servicing, L.L.C., 669 F. App'x 219, 220 (5th Cir. 2016) (per curiam) (quoting Lawyers Title Insurance Corp. v. Doubletree Partners, L.P., 739 F.3d 848, 858 (5th Cir. 2014)).

The defendants argue that Black does not describe any conduct that would plausibly constitute a breach of the lease agreement on

---

[28]Plaintiff's MDS, Docket Entry No. 9, p. 5 Response 5(b).

their part.[29] More importantly, the defendants note that Black filed this suit in his individual capacity.[30] Because the lease agreement was between Putnam Leasing and Black Lemon Media, the defendants argue that Black was not a party to the lease agreement and that he lacks standing to bring a claim for breach of that agreement.[31]

Black acknowledges that he was not a party to the lease agreement, which he executed for business purposes on behalf of Black Lemon Media.[32] This is fatal to Black's claim for breach of contract.[33] Accordingly, this claim will be dismissed.

---

[29] Motion to Dismiss, Docket Entry No. 24, pp. 2, 4.

[30] Id. at 4.

[31] Id. The defendants note further that Black fails to allege facts that would pierce the corporate veil for purposes of establishing personal liability on the part of de la Torre or Posner, as corporate officers of Putnam Leasing. Id. at 6-8. Because Black's claims are without merit for other reasons, the court does not reach that argument at this time.

[32] See Proposed Amended Complaint, Docket Entry No. 28-1, p. 2 ¶ 5; Plaintiff's MDS, Docket Entry No. 9, p. 10 Response 9 (describing himself as "owner" of "Black Lemon Media").

[33] Black may not otherwise pursue a breach-of-contract claim on behalf of the corporation that he owns. As a non-lawyer who proceeds pro se, Black cannot represent the interests of Black Lemon Media because "a corporation cannot appear in federal court unless represented by a licensed attorney." Memon v. Allied Domecq QSR, 385 F.3d 871, 873 (5th Cir. 2004) (citing Rowland v. California Men's Colony, 113 S. Ct. 716, 721 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel"); Southwest Express Co. v. ICC, 670 F.2d 53, 55 (5th Cir. 1982)). "In other words, a pro se litigant lacks standing to represent a corporation in federal court." Allen v. Zink, No. 1:20-CV-00045-MJT, 2021 WL 1196760, at *1 (E.D. Tex. Feb. 12, 2021) (citation omitted).

B.  **Fair Debt Collections Practices Act (FDCPA)**

Black alleges that the defendants violated the FDCPA when they reported the Rolls Royce stolen, which resulted in criminal charges against him for making a false statement to obtain credit.[34] The defendants argue that Black fails to state a claim under the FDCPA or to plead facts showing that a violation occurred.[35]

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Stewart v. Alonzo, Civil Action No. C-08-347, 2009 WL 174938, at *2 (S.D. Tex. Jan. 26, 2009) (citing 15 U.S.C. § 1692(e); Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1099 (9th Cir. 1996)); see also McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992) (observing that the FDCPA "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists") (quoting Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982)).

To state a claim under the FDCPA a plaintiff must allege facts showing that: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt

---

[34] Plaintiff's MDS, Docket Entry No. 9, pp. 8-10 Response 8.

[35] Motion to Dismiss, Docket Entry No. 24, pp. 4-5.

-10-

collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Stewart, 2009 WL 174938, at *2 (citing Matter of Mayer, 199 B.R. 616, 619 (E.D. La. 1996); Sibley v. Firstcollect, Inc., 913 F. Supp. 469, 471 (M.D. La. 1995)). A "debt" is defined by the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Black has not alleged facts showing that he was the object of collection activity arising from a consumer debt as defined by the FDCPA. See, e.g., Woodall v. Williams, Rush & Associates, LLC, Civil Action No. 3:19-2117-B, 2020 WL 2839286, at *5 (N.D. Tex. June 1, 2020) (observing that the plaintiff has the burden to show that the debt at issue "was incurred primarily for personal, family, or household purposes"). Likewise, Black does not allege facts showing that the defendants qualify as debt collectors or that they were otherwise engaged in activity prohibited by the FDCPA. See Stewart, 2009 WL 174938, at *3 (noting that

"[o]rdinarily, the FDCPA protects consumers against only those entities that collect debts for third parties") (internal quotation marks and citations omitted). Accordingly, Black's claim under the FDCPA will be dismissed.

C. **The Fair Credit Reporting Act (FCRA)**

The defendants argue that Black fails to articulate a violation of the FCRA for contacting the police.[36] The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of America v. Burr, 127 S. Ct. 2201, 2205-06 (2007) (citing 15 U.S.C. § 1681; TRW Inc. v. Andrews, 122 S. Ct. 441, 444 (2001)). The FCRA requires "credit reporting agencies to maintain 'reasonable procedures' designed 'to assure maximum possible accuracy of the information' contained in credit reports, [15 U.S.C.] § 1681e(b), and to 'limit the furnishing of [such reports] to' certain statutorily enumerated purposes, [15 U.S.C.] § 1681e(a)." TRW Inc., 122 S. Ct. at 444. The FCRA also imposes "two general duties on those who give credit information to credit reporting agencies: (1) 'a [d]uty of furnishers of information to provide accurate information,' 15 U.S.C. § 1681s-2(a); and (2) '[d]uties of furnishers of information upon notice of dispute,' including to investigate disputes, correct inaccurate information, and inform the credit reporting agency of an investigation's

---

[36]Motion to Dismiss, Docket Entry No. 24, p. 6.

-12-

results, 15 U.S.C. § 1681s-2(b)." Eustice v. JPMorgan Chase & Co., Civil Action No. H-19-1489, 2019 WL 3067507, at *2 (S.D. Tex. July 12, 2019).

There is no private right of action under the FCRA against a furnisher of credit for breaching the duty to provide a credit reporting agency with accurate information in violation of 15 U.S.C. § 1681s-2(a). See Egwurube v. Discover Financial Services, Civil Action No. 3:20-00292, 2021 WL 260769, at *3 (S.D. Tex. Jan. 4, 2021) (citing 15 U.S.C. § 1681s-2(c); Burress v. Chase Card, No. 3:19-CV-01198-S-BT, 2020 WL 1216703, at *2 (N.D. Tex. Feb. 18, 2020) ("no private cause of action exists under § 1681s-2(a)")). Although a private right of action exists under 15 U.S.C. § 1681s-2(b), a plaintiff seeking to state a claim against a furnisher of credit under this provision must allege that "'(1) he disputed the accuracy or completeness of information with a consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation.'" Egwurube, 2021 WL 260769, at *3 (quoting Shaunfield v. Experian Information Solutions, Inc., 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014)); see also Eustice, 2019 WL 3067507, at *3 (observing that a furnisher of credit would only have a duty under § 1681s-2(b) if the consumer first disputed credit information with a credit reporting agency and that credit reporting agency then informed the furnisher of the dispute).

Black does not allege facts showing that the defendants breached a duty to provide accurate information to a credit reporting agency. See 15 U.S.C. § 1681s-2(a). Likewise, he does not allege facts showing that, as a furnisher of credit, the defendants received notice of disputed information from a credit reporting agency, but failed to investigate, correct inaccuracies, or inform the credit reporting agency of the outcome. See 15 U.S.C. § 1681s-2(b). Instead, Black claims that the defendants violated the FCRA by notifying a third-party, the Houston Police Department, which resulted in his arrest for filing a false statement to obtain credit.[37]

To the extent that Black contends that the defendants made an improper disclosure to police about statements he made on an application to obtain credit or about the vehicle covered by the lease agreement, Black does not allege facts that violate the FCRA or its restrictions on the disclosure of a "consumer report." Norman v. Lyons, Civil Action No. 3:12-4294-B, 2013 WL 655058, at *2 (N.D. Tex. Feb. 22, 2013) (discussing restrictions on furnishing a consumer report from a credit reporting agency without a permissible purpose under 15 U.S.C. § 1681b(a)); see also Baker v. Puckett, Civil Action No. 4:18-00599-ALM-BAN, 2020 WL 5745812, at *12 (E.D. Tex. Aug. 13, 2020) ("Because the purpose of Defendants' disclosure of information was to report unlawful activity (i.e., a

---

[37]Plaintiff's MDS, Docket Entry No. 9, pp. 8-10 Response 8.

crime) to law enforcement, Defendants' communications to law enforcement do not constitute a 'consumer report' under the FCRA."). Accordingly, this claim will be dismissed.

**D.  Claims for False Arrest and Imprisonment**

Black alleges that he was wrongfully arrested and imprisoned on October 31, 2019, after de la Torre and Posner gave false information to the police, which resulted in charges against Black for making a false statement to obtain credit.[38] The defendants argue that this claim must be dismissed because, as private citizens who simply reported information to law enforcement, they did not cause him to be arrested or imprisoned.[39]

Both federal and state courts in Texas have observed that a private citizen cannot be held liable for false arrest or false imprisonment merely for reporting a crime and identifying the suspect:

> A private citizen who merely reports a crime and identifies the suspect to law enforcement authorities has not requested or directed the suspect's arrest, and will not be liable for instigating a subsequent false imprisonment. A citizen has a clear legal right to report criminal misconduct to authorities, and "from the mere exercise of this right the law will not permit the inference to be drawn that he 'requested or directed' the arrest, though it be conceded that but for its exercise, the arrest would never have been made. This is true even when the reporting party mistakenly identifies the wrong person. Further, "[i]t is not enough for the instigation that the actor has given information to the police about

---

[38]Id.

[39]Motion to Dismiss, Docket Entry No. 24, p. 8.

-15-

the commission of a crime, or has accused the other of committing it, so long as he leaves to the police the decision as to what shall be done about any arrest, without persuading or influencing them.

Goodarzi v. Hartzog, Civil Action No. H-12-2870, 2013 WL 3110056, at *7-8 (S.D. Tex. June 14, 2013) (quoting Wal-Mart Stores, Inc. v. Rodriquez, 92 S.W.3d 502, 507-08 (Tex. 2002)); see also Miller v. Baylor College of Medicine Fed. Credit Union, Civil Action No. H-09-1332, 2011 WL 677350, at *4 (S.D. Tex. Feb. 16, 2011) ("The law is clear that a defendant who summons the police, reports an alleged crime, and identifies the offender, is not liable for any subsequent false imprisonment.") (citations omitted). To hold a private citizen liable for false arrest, the plaintiff must "show that police in effecting the arrest acted in accordance with a 'preconceived plan' to arrest a person merely because he was designated for arrest by the private party, without independent investigation." Moody v. Farrell, 868 F.3d 348, 353 (5th Cir. 2017) (citations omitted).

Black, who acknowledges that he was under investigation by the Harris County District Attorney's Office in August of 2019, before he was arrested on October 31, 2019,[40] does not allege that the defendants made any specific statement to police that resulted in his arrest without an independent investigation by law enforcement. Black does not otherwise show that his arrest was false or that the defendants are liable for reporting a crime.

---

[40]Complaint, Docket Entry No. 1, p. 3 ¶¶ 11, 13.

To succeed on a claim of false arrest a plaintiff must demonstrate an absence of probable cause for the arrest. See Haggerty v. Texas Southern University, 391 F.3d 653, 655 (5th Cir. 2004) (citing Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest . . . and false imprisonment . . . require a showing of no probable cause.")). Although Black disputes that he has committed the charged offense of making a false statement to obtain credit, he admits that the charges were approved by a grand jury, which necessarily found that probable cause existed when it returned an indictment against him on January 9, 2020.[41] The Fifth Circuit has held that "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." Cuadra v. Houston Independent School Dist., 626 F.3d 808, 813 (5th Cir. 2010) (internal quotation marks and citation omitted); see also Anokwuru v. City of Houston, 990 F.3d 956, 963 (5th Cir. 2021) (same) (citations omitted). Black does not allege facts showing that the defendants manipulated the grand jury or that those proceedings were tainted in any way. Accordingly, he fails to state a claim for false arrest or false imprisonment. Because Black has failed to articulate a valid claim, the defendants' Motion to Dismiss will be granted.

---

[41]Plaintiff's MDS, Docket Entry No. 9, p. 3 Response 3e.

## E. Black's Motions for Discovery and for Leave to Amend

Black has filed Plaintiff's Motion to Compel Discovery, invoking Rules 34(b) and 37(a) of the Federal Rules of Civil Procedure.[42] The Motion does not contain a certificate of service showing that a copy was sent to the defendants' counsel of record. Black does not otherwise identify the documents he seeks or show that he has previously requested those documents from the defendants, but that they refused to comply. Accordingly, Plaintiff's Motion to Compel Discovery will be denied.

Black has also requested leave to file an amended complaint.[43] Rule 15(a) of the Federal Rules of Civil Procedure dictates that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). As a general rule, a pro se complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. See Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). However, "[i]t is within the district court's discretion to deny a motion to amend if it is futile." Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872-73 (5th Cir. 2000).

The allegations in Black's Proposed Amended Complaint do not cure any of the deficiencies raised by the defendants. To the

---

[42]Plaintiff's Motion to Compel Discovery, Docket Entry No. 32, p. 1.

[43]Motion for Leave to Amend, Docket Entry No. 28, p. 1.

-18-

extent that Black attempts to add a new claim against the defendants for disclosing information to the police in violation of the "Privacy Act," he fails to show that the Privacy Act applies.[44] See F.A.A. v. Cooper, 132 S. Ct. 1441, 1446 (2012) (observing that the Privacy Act, codified in part at 5 U.S.C. § 552a, "contains a comprehensive and detailed set of requirements for the management of confidential records held by Executive Branch agencies"). Because an amendment would be futile, leave to amend will be denied and this case will be dismissed with prejudice for failure to state a claim upon which relief may be granted and, alternatively, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Docket Entry No. 24) is **GRANTED**.

2. The civil action filed by J.B. Black is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted and, alternatively, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. The dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

4. Black's Motion for Leave to File Amended Complaint (Docket Entry No. 28) and his Motion to Compel Discovery (Docket Entry No. 32) are **DENIED**.

---

[44]Proposed Amended Complaint, Docket Entry No. 28-1, p. 3 ¶¶ 9, 12(A)(1).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties and to the Manager of the Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this the 20th day of May, 2021.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE